## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALONZO SUGGS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-cv-775-WDS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge**

Before the Court is petitioner's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).[1]

## BACKGROUND

On June 25, 2001, petitioner was sentenced to 300 months imprisonment for conspiracy to possess with intent to distribute cocaine. The conviction was affirmed on direct appeal. *United States v. Suggs*, 59 Fed. Appx. 818 (7th Cir. 2003). After his initial sentencing, petitioner filed his first § 2255 habeas petition attacking, among other things, information used to enhance his Sentencing Guideline range. The Seventh Circuit found merit in this claim, and remanded the case for resentencing. *Suggs v. United States*, 513 F.3d 675 (7th Cir. 2008). Petitioner was resentenced to 240 months.

---

[1] Petitioner has also filed a motion for status (Doc. 6), stating that he had not yet received the government's response to his motion to vacate, set aside or correct sentence. Soon after, petitioner filed a reply to the government's response. Therefore petitioner did receive the government's motion, and was able to reply to it and his motion for status (Doc. 6) is **DENIED** as moot.

On August 20, 2009, Suggs submitted to the Seventh Circuit Court of Appeals, an application pursuant to 28 U.S.C. § 2244(b)(3) seeking permission to file a successive collateral attack on his conviction based on his claim that he had new evidence that he is innocent of the drug offense.  Suggs' request was based on an affidavit from John Ellebracht ("Ellebracht"), in which Ellebracht recanted his trial testimony that Suggs was the intended recipient of the drugs Ellebracht was caught delivering.  *Suggs v. United States*, No. 09-3070 (7th Cir. August 27, 2009).  The Seventh Circuit, in denying Suggs' request for permission to file a successive collateral attack of his conviction, held that "Ellebracht's recantation – which comes eight years after trial and long after Ellebracht received whatever benefit he got in exchange for his co-operation – simply does not come close to showing that no reasonable factfinder would have found him guilty as required for authorization, 28 U.S.C. § 2244(b)(2)(B)."  *Id.*  The Court found that "Ellebracht's recantation is not 'powerful evidence'" and denied Suggs' request for authorization to file a successive collateral attack.  *Id*.

Despite the Seventh Circuit's denial, petitioner now brings a second habeas petition under § 2255, claiming it is based on "new evidence," i.e., the Ellebracht affidavit.  Petitioner has not received permission to file this successive petition.

## **ANALYSIS**

Generally, district courts lack jurisdiction to hear second habeas petitions under § 2255.  *Curry v. United States*, 507 F.3d 603, 605  (7th Cir. 2007); *Burton v. Stewart*, 549 U.S. 147, 157, 127 S.Ct. 793, 799 (2007).  The issue here is whether the instant motion is a "second or successive motion" within the meaning of § 2255 requiring authorization from the Court of Appeals for this Court to have jurisdiction.

2

Although § 2255 gives jurisdiction over first habeas petitions to the district courts, it states, "[a] second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals...."  Petitioner was denied such certification from the Seventh Circuit last year.  *Suggs v. United States*, No. 09-3070 (7th Cir. August 27, 2009).  Petitioner now contends that certification is not required as this is not a second motion within the meaning of § 2255, but is the first motion subsequent to his resentencing.

The Seventh Circuit has clearly stated that intervening proceedings do not reset the count for habeas petitions of the underlying conviction.  *See Dahler v. United States*, 259 F.3d 763, 764 (7th Cir. 2001).  The Circuit has allowed habeas petitions challenging resentencings, but it has carefully noted that the petitioner "[did] not present any claims challenging his [underlying] conviction," *Walker v. Roth*, 133 F.3d 454, 455 (7th Cir. 1997), and also noted that "had [petitioner] sought to challenge aspects of his conviction the district court would have been correct in dismissing his petition as successive."  *Id.* at 455 n.1.  *See also Lang v. United States*, 474 F.3d 348, 351-52 (6th Cir. 2007); *Esposito v. United States*, 135 F.3d 111, 113-14 (2d Cir. 1997).

Petitioner here exclusively challenges his underlying conviction based on the new evidence that, petitioner contends, would call his conviction into question.  While newly discovered evidence is one of the bases for habeas relief under § 2255(h), jurisdiction for the successive habeas petitions is given exclusively to the court of appeals.  Therefore, because petitioner's motion is successive within the meaning of § 2255, only the court of appeals has jurisdiction to consider his habeas petition.

This standard is undisturbed by the recent Supreme Court decision in *Magwood v. Patterson*, 130 S.Ct. 2788 (2010).  This decision was limited to situations where the habeas petition is based on both the intervening proceeding and the original case.  The Court found that the text of the statute "commands a more straightforward rule: where . . . there is a new judgment intervening between the two habeas petitions an application challenging the resulting *new judgment* is not 'second or successive' at all."  *Id*. at 2802 (internal quotation omitted) (emphasis added).  Petitioner's motion only mentions new evidence that would call into question his underlying conviction, not the new judgment.  The Court, therefore, **FINDS** that it is a second or successive motion within the meaning of § 2255 and that the Court has no jurisdiction to consider its merits.

<u>**CONCLUSION**</u>

Petitioner's motion to vacate, set aside or correct sentence (Doc. 1) is a second or successive petition for which leave to file has not been granted, and accordingly, the Court **DISMISSES** the petition for lack of jurisdiction.

The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED**

**DATE: October 27, 2010**

                              **/s/  WILLIAM D. STIEHL**
                                **DISTRICT JUDGE**